**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 23, 2019

LETTER TO COUNSEL

RE:     *Morsal J. v. Commissioner, Social Security Administration*;
        Civil No. SAG-18-2412

Dear Counsel:

On August 7, 2018, Plaintiff Morsal J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed his claim for benefits on August 28, 2014, alleging a disability onset date of June 1, 2014. Tr. 104-32. His claim was denied initially and on reconsideration. Tr. 51-54, 56-57. A hearing was held on November 29, 2016, before an Administrative Law Judge ("ALJ"). Tr. 349-71. Following the hearing, the ALJ determined that Plaintiff was not disabled. Tr. 15-24. The Appeals Council denied review, Tr. 6-9, making the ALJ's opinion the final, reviewable decision of the SSA.

The ALJ determined that Plaintiff suffered from the severe impairments of "bipolar disorder; post-traumatic stress disorder (PTSD); and persistent depressive disorder (dysthymia) with anxiety." Tr. 17. The ALJ determined that, despite his impairments, Plaintiff retained the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but is limited to understanding, remembering, and carrying out simple and detailed instructions and performing simple, routine tasks. He can maintain the required pace and stay on task in such work with routine, scheduled breaks.

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 22-24. Accordingly, the ALJ determined that Plaintiff was not disabled. Tr. 24.

Plaintiff appeals the ALJ's decision, and raises one primary argument on appeal: that the ALJ failed to identify his physical impairment of Behcet Syndrome as a severe impairment at step

two of the sequential evaluation. ECF 16-1 at 2-9. The argument lacks merit for the reasons addressed below.

Plaintiff argues that the ALJ failed to identify his Behcet Syndrome as a severe impairment at step two. An impairment is found severe at step two if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *See* 20 C.F.R. § 416.920(c). The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Here, the ALJ analyzed Plaintiff's diagnosis as follows:

> The claimant devoted a substantial portion of his testimony to symptoms of fatigue and widespread joint pain, which he associated to Behcet syndrome. He indicated that these episodes reoccur once or several times a year, depending on his mental state. However, he did not present these same complaints to medical providers during the course of treatment. The medical record reflects no diagnosis or treatment modality consistent with this impairment. The only substantial reference to this impairment has been in the medical history portion of treatment records and in a United States Department of State refugee application, where the claimant cites it as a preexisting impairment, along with hypertension and nasal septum deviation. In fact, the record shows that the claimant has denied symptoms of joint pain. As such, this impairment is non-severe.

Tr. 18 (internal citations omitted).

Upon a full review of Plaintiff's medical records, I conclude that the ALJ's summary is accurate. The record reflects only one instance where Plaintiff mentioned to his doctors any physical impairments pertaining to joint pain or other symptoms related to Behcet Syndrome that might warrant work-related limitations. Tr. 219 (noting that Plaintiff claimed he gets "oral ulcers more in summer, joint paints more in cold month). Although there are repeated references to Behcet Syndrome as part of Plaintiff's reported medical history, there are no indicia that any physicians believed Plaintiff required ongoing treatment for the condition. Moreover, Plaintiff apparently has had Behcet Syndrome for many years, including during the time he worked as a lifeguard, before his employment was terminated for unrelated reasons. Plaintiff contends that the ALJ should have imposed Behcet Syndrome-related functional limitations in the RFC assessment, but has not suggested what type of limitations the ALJ should have imposed. ECF 16-1 at 8-9. Ultimately, the ALJ thoroughly explained her consideration of the evidence, and a review of the medical records does not indicate any additional RFC limitations that might have been needed to address Plaintiff's physical symptoms. Plaintiff's citation to general information regarding potential symptoms of Behcet disease, ECF 16-1 at 3 n.2, is unpersuasive in light of a medical record documenting few, if any, related symptoms or functional limitations. The ALJ therefore did not err in assessing the severity of Plaintiff's physical diagnoses.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 16, will be DENIED and Defendant's motion for summary judgment, ECF 17, will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge